## FLOWER v FLOWER

Ohio Appeals, 9th Dist, Summit Co

No 1540, Decided Dec 10, 1928

Jonathan Taylor, Akron, for Plaintiff.

J B Morris, Cuyahoga Falls, for Defendants.

Richards, Williams & Lloyd, JJ, of the 6th Dist sitting.

WILLIAMS, J

There is no question that where a valid

and subsisting agreement is entered into by two parties to leave property to each other, and mutual wills are executed in pursuance thereof, and thereafter the contract is broken by one of them after the death of the other, action will lie for such breach of contract, and in a proper case there may be specific performance of the contract, or a declaration of trust as against those who take legal title to the property in question.

40 Cyc., 2118 and cases cited; Brown vs. Johanson, 69 Col., 400; Frazier vs. Patterson, 243 Ill., 80.

The provisions of mutual wills and the surrounding circumstances may be such that a contract to make mutual wills must be conclusively inferred. Doyle vs. Fischer, 33 A. L. R., 733. The mere fact, however, that wills are executed concurrently, with full knowledge of their contents on the part of the testators, will not be sufficient to imply such a contract.

Edson vs. Parsons, 155 N. Y., 555, 50 N. E., 265; Coveney vs. Conlin, 20 App., District of Columbia, 363.

In the instant case there is nothing in the surrounding circumstances or in the wills themselves, from which such inference could be drawn. The record discloses only that alleged mutual wills were executed concurrently with full knowledge of their contents on the part of both testators.

A decree will be entered in favor of the defendants.

Richards and Lloyd, JJ, concur.