**KENNEY v KENNEY, Admrx**

Ohio Appeals, 1st Dist, Hamilton Co

No 4152.   Decided Jan 9, 1933

520

Robert A. Black, Cincinnati, for plaintiff.

Sanford Brown, Cincinnati, and George E. Mills, Cincinnati, for defendants.

HAMILTON, J.

While it is the law that an agreement between two parties to execute mutual wills, leaving their properties to each other, and such wills are executed by the persons to the agreement, and thereafter the contract is broken by one of them, after the death of the other an action would lie for a breach of the contract, and a proper case for specific performance may be declared. This was so held in **Flower v Flower, 32 Oh Ap, 350, (7 Abs 119), (Ralston v McBurney, 6 Oh Ap, 303).** However, in the Flower case, under circumstances which might tend to support such an oral contract, it was evident the court in the case declined specific performance as holding the evidence not sufficient to meet the demands of the statute of frauds. In the Ralston case, there were circumstances mentioned in the will showing consideration for the making of the will, and, further, that the case was determined on the fact that the testator was indebted to the legatee for services.

There is no admissible evidence in the instant case to prove a contract existed between Thomas and James Kenney, the brothers, to execute mutual wills, conveying the real estate. The circumstances in no way justify an inference that would tend to satisfy the requirements of the statute of frauds.

A decree may be entered for the defendants.

ROSS, PJ, and CUSHING, J, concur.